UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES E. SMITH                                CIVIL ACTION

v.                                              NO. 19-299

R.J. REYNOLDS TOBACCO
COMPANY, SUSAN CAMERON,
BILLY NUNGESSER, JON BEL
EDWARDS, and STEVE SCALISE                      SECTION "F"

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to R.J. Reynolds Tobacco Company's Rule 12(b)(6) motion to dismiss or Susan Cameron's motion to dismiss under Rules 12(b)(2) and 12(b)(6), both noticed for submission on May 8, 2019, have been submitted.

Accordingly, because the motions are deemed to be unopposed, and further, it appearing to the Court that the motions have merit,[1] IT IS ORDERED: that the defendants' motions to dismiss are

---

[1] On January 15, 2019, pro se plaintiff Charles E. Smith sued R.J. Reynolds Tobacco Company, Susan Cameron (the former President and CEO of RJRT's parent company), and three Louisiana elected officials, alleging negligence, fraud, "malpractices," and violations of the Racketeer Influenced and Corrupt Organizations Act, the Louisiana Unfair Trade Practices Act, the Americans with Disabilities Act, "Title V," and various amendments to the federal and Louisiana state constitutions. Although difficult to decipher, Smith's complaint appears to allege that a store called "Ryan's Deli" sold him "imitation" or "pseudo non-quality" cigarettes packaged inside of authentic Newport boxes, that "so-

1

called cigarette smoker's diseases" are not caused by cigarette tobacco, and that the medical and pharmaceutical industries have conspired with the police and elected officials to use cancer-causing drugs – as well as witchcraft, sorcery, and magic – to make patients sick in order to profit from treating them. Claiming that the defendants' actions have caused him to suffer from depression and panic reactions, Smith demands $2 million in damages, a public apology on "Dateline," and a two-week-long apology on the front page of a local newspaper.

Defendants R.J. Reynolds Tobacco Company ("RJRT") and Susan Cameron move to dismiss the plaintiff's claims against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Ms. Cameron also seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2).

To survive dismissal under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (internal citations omitted). "[P]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers but are nonetheless insufficient if they contain only labels and conclusions, or a formulaic recitation of the elements of a cause of action." Ganheart v. Brown, 740 F. App'x 386, 389 (5th Cir. 2018) (per curiam) (internal citations and quotations omitted).

Mr. Smith's complaint fails to state a claim against RJRT under any theory of liability. To the extent Smith alleges negligence, the Louisiana Products Liability Act "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. § 9:2800.52. To state a claim under the LPLA, a plaintiff must establish that an "unreasonably dangerous" condition of the manufacturer's product "proximately caused" his damages. Id. § 9:2800.54. Here, Smith does not allege that RJRT's cigarettes present any risk of harm; rather, he claims that cigarettes do *not* cause "so-called cigarette smoker's diseases," and he makes no allegation as to the cause of his purported injuries. Thus, he fails to state a claim under the LPLA.

Smith also fails to state a claim for fraud or for unfair trade practices in violation of the LUPTA because he does not allege that RJRT made a misrepresentation or engaged in any unfair or deceptive act. See La. Civ. Code art. 1953; La. R.S. § 51:1409. In attempting to challenge RJRT's "fraudulent" and "deceptive/unfair business practices," Smith alleges that "Ryan's Deli" sold him imitation cigarettes packaged in Newport boxes. But he does not allege that RJRT directed, controlled, or knew about the purported misrepresentation or deception. And with respect to his RICO claim, Mr. Smith fails to allege facts to support that RJRT

2

hereby GRANTED as unopposed. The plaintiff's claims against R.J. Reynolds Tobacco Company and Susan Cameron are hereby dismissed.

New Orleans, Louisiana, May 8, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

engaged in any of the predicate offenses that qualify as "racketeering activity" within the meaning of the statute. See 18 U.S.C. § 1961(1).

Smith also fails to state a claim for "malpractice" because he does not allege that RJRT provided him with legal, medical, or other professional services. And his purported ADA claim fails because, among other reasons, the ADA does not "regulate the content of goods and services that are offered" in places of public accommodation. See McNeil v. Time Ins. Co., 205 F.3d 179, 186 (5th Cir. 2000). Finally, Mr. Smith cannot establish a constitutional claim against a non-state-actor, such as RJRT. See McGee-Hudson v. United States, No. 16-796, 2017 WL 6803767, at *3 (W.D. La. Oct. 31, 2017) (citing Price v. Lockheed Martin Corp., 261 F. App'x 761, 764 (5th Cir. 2008)).

Susan Cameron moves to dismiss the claims asserted against her for failure to state a claim and lack of personal jurisdiction. Notably, Smith's complaint contains one allegation concerning Ms. Cameron: "The plaintiff wrote defendant Susan Cameron, C.E.O. @ R.J. Reynolds Tobacco Co., numerous letters prompting her to settle!, out of a court battle!" Because the complaint fails to allege that Ms. Cameron directed any activity toward Louisiana (or engaged in any conduct whatsoever), Mr. Smith has not established that this Court may exercise personal jurisdiction over her. See Healthcare Proprietors Agency, Inc. v. Tax Credit Processing Ctr., LLC, 2011 U.S. Dist. LEXIS 140623, at *5-6 (E.D. La. Dec. 7, 2011) (Feldman, J.) ("Specific jurisdiction . . . exists if the plaintiff shows that the defendant[] ha[s] purposely directed [her] activities toward the forum state and that [the] cause of action arises out of or results from the defendant['s] forum-related contacts.") (citations omitted). Moreover, even if Mr. Smith could overcome this jurisdictional defect and articulate a theory to justify holding Ms. Cameron personally liable for the torts of RJRT, his claims against her must nonetheless be dismissed because he has failed to state a claim against RJRT.